Anthony STARKES, Petitioner—Appellant,

v.

Anthony LAMARQUE, Warden, Respondent—Appellee.

No. 04–17563.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2006.[*]

Filed March 9, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Anthony Starkes, Vacaville, CA, pro se.

Robert R. Anderson, Depty. Atty. Gen., Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

We affirm the district court's denial of Anthony Starkes's petition for writ of habeas corpus.

### A. Bifurcation

The California state court concluded Starkes's counsel was not ineffective in failing to seek bifurcation of his two prior felonies from the guilt determination of the charged crimes. This issue was thoroughly explored in an evidentiary hearing in state court, which revealed that Starkes's counsel made a strategic choice to permit the jury to hear about the two prior felonies. *See Gerlaugh v. Stewart,* 129 F.3d 1027, 1033 (9th Cir.1997) ("A reasonable tactical choice based on an adequate inquiry is immune from attack under *Strickland.*").

Starkes's counsel believed the witnesses' identifications were questionable and that a jury would be less likely to convict on such scant evidence if it were aware the case involved the "three strikes" law. She also believed this was a viable strategy because the two felonies were dated and factually dissimilar from the charged conduct. Aware of all relevant law, and having considered the risks, Starkes's counsel made a reasonable tactical choice to adopt this strategy in light of the particular circumstances of the case. The state court's conclusion that this was not an unreasonable strategy and that counsel was not ineffective was not an objectively unreasonable application of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See id.* at 689 ("There are countless ways to provide effective as-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

sistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.").

### B. Suppression of Identifications

The California state court also concluded that Starkes's counsel was not ineffective in failing to bring a pretrial motion to suppress eyewitness identification evidence. Again, testimony at the state court evidentiary hearing revealed that Starkes's counsel considered the issue, researched the case law and consulted an identification expert before determining that such a pretrial motion would be fruitless.

A pretrial identification procedure violates due process and can be suppressed only if, under the totality of the circumstances, it is impermissibly suggestive and gives rise to a substantial likelihood of irreparable misidentification. *Foster v. California*, 394 U.S. 440, 442–43, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969); *Simmons v. United States*, 390 U.S. 377, 383–84, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). The use of different photos of Starkes in different lineups was not impermissibly suggestive and, even if it were, it did not give rise to a substantial likelihood of irreparable misidentification. *See, e.g., Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977) (factors in assessing likelihood). Counsel is not ineffective by failing to make motions that she reasonably determines to be futile. *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir.1996). The state court's conclusion that Starkes's counsel made such a reasonable determination on the facts of this case is not an objectively unreasonable application of *Strickland*.

AFFIRMED.